**UNITED STATES DISTRICTCOURT**
**WESTERN DISTRICT OF NEW YORK**

**WORLKLIS LUNA-APONTE, Pro-Se**
**Petitioner.**

v

**10 CV 6024** *CJS (P)*

**ERIC HOLDER, Jr., et al**
**United States Attorney General**
**Respondent.**

*[FILED stamp: UNITED STATES DISTRICT COURT / FILED / JAN 15 2010 / MICHAEL J. ROEMER, CLERK / WESTERN DISTRICT OF NY]*

**PETITION FOR WRIT OF HABEAS CORPUS UNDER 28 U.S.C. §**
**2241**
**BY A PERSON IN CUSTODY**

**Worlklis Luna-Aponte, Pro-Se**
**044-133-120**
**Buffalo Federal Detention Facility**
**4250 Federal Drive**
**Batavia, New York 14020**

**RESPONDENTS**

**Eric H. Holder, Jr.**
**United States Attorney General**
**10th Street, NW, and Constitution Ave**
**Washington, D.C. 20530**

**Martin Horren, Director**
**Buffalo Federal Detention Facility**
**4250 Federal Drive**
**Batavia, New York 14020**

# TABLE OF CONTENTS
## _Luna-Aponte V. Eric Holder, Jr. et al_

**Table of Cases**

**Wang v. Ashcroft, 320 F.3d 130, 147 (2d Cir. 2003).**

**Demore v. Kim, 538 U.S. 510, 513, 155 L. Ed. 2d 724, 123 S. Ct. 1708 (2003),**

**Tineo v. Ashcroft, 350 F.3d 382, 398 (3d Cir. 2003)**

**Zadvydas v. Davis, 533 U.S. 678, 150 L. Ed. 2d 653, 121 S. Ct. 2491 (2001)**

**Ngo v. INS, 192 F.3d 390, 397 (3d Cir. 1999)**

**Ly v. Hansen, 351 F.3d 263 (6th Cir. 2003)**

**In Lawson v. Gerlinski, 332 F. Supp. 2d 735 (M.D. Pa. 2004)**

**Douglas v. Ashcroft, 374 F.3d 230, 233-34 (3d Cir. 2004).**

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
------------------------------------------------

Worlklis Luna-Aponte

              Petitioner

-against-

Eric H. Holder, Jr.
United States Attorney General

              Respondent(s)
------------------------------------------------

PETITION FOR WRIT OF
HABEAS CORPUS UNDER
28 U.S.C. §2241

File No. 044-133-120

Docket No._____

      I Worlklis Luna-Aponte is the Pro-Se Petitioner in the above caption matter, and I am presently confined at the Buffalo Federal Detention Facility, location at: 4250 Federal Drive, Batavia, New York 14020.

      Petitioner is now moving in this United States Western District Court located at 68 Court Street, Buffalo, New York 14202 pursuant 28 U.S.C. § 2241 to challenge the Respondent's decision continuous detention of Petitioner after the United States Court of Appeals For The Second Circuit have **GRANTED** the Petitioner a Stay of Removal from the United States, pending a final decision in his case, that is present before said Court on review.

      Petitioner further invoke the pendent jurisdiction pursuant to **28 U.S.C. § 1361** which states: the district court have original jurisdiction of any act in the nature of Mandamus to compel an Officer or employee of the United States or any agency thereof to perform a duty owned to the plaintiff.

## **STATEMENT OF FACTS**

On September 20, 2006 The Supreme Court of the State of New York, Kings County convicted Petitioner after a guilty pled of the crime of Criminal sale of a controlled substance in the fifth degree in violation of Section 220.31 of the New York State Penal Law

The Court sentence the Petitioner to a indertermine sentence of one-and-a-half years, and two years post Supervision.

Upon entering The New York State Prison System Petitioner was allowed to participate in the Shock Program at Lakeview Correctional Facility which he completed in the required six (6) Months.

On November 21, 2006 Immigration Custom Enforcement (ICE) filed removal proceeding against petitioner while he was in Shock Program.

On or about December 1, 2006 Petitioner was served with a NOTICE TO APPEAR by Immigration Custom Enforcement (ICE)

On May 3, 2007 The Immigration Judge at Ulster Correctional Facility, Napanach, New York entered an Order of Removal against Petitioner, and on May 22, 2007 timely Notice of Appeal was filed with the Board of Immigration Appeal (BIA).

On May 14, 2007 Petitioner was released from the custody of New York State Department of Correction Service, and transferred to the custody of Immigration Custom Enforcement (ICE).

Petitioner's Family secured Ismael Gonzalez, as Counsel to represent

him in the Appeal process. On July 15, 2007 Counsel perfected, and filed an Appeal Brief with BIA, in which he raised the following issues: (1) Respondent's Removal Proceedings Should Be Terminated Pending Decision on his Motion to Vacate Judgement Before The York County Supreme Court.. (2) The BIA Should Not Allow The Immigration Judge to Enter a Final Order of Removal while Petitioner has pending litigation in the New York County Supreme Court. (See: Exhibit "A[1]")

On June 29, 2007 The Government submitted to the BIA A MEMORRANDUM in opposition to Petitioner's brief, and the relief sought therein. (See: Exhibit "B")

Not surprisingly, On July 20, 2007 The BIA denied Petitioner all the relief sought in the Appeal Brief. In which the Board stated in-part that

> We agree with the Immigration Judge's conclusion that the respondent has not shown good cause for a continuance. It is not good cause to request a continuance to await the results of a collateral event, such as the filing of post-conviction relief, which may or may not result in an outcome favorable to the respondent at some indefinite date in the future. *See: Matter of Perez-Andrade 19 I7N Dec. 433 (BIA 1987)* (See: Exhibit "C").

On August 28, 2007 Petitioner filed an untimely **Petition For Review** and a **STAY OF REMOVAL** in the United States Court of Appeals For The Second Circuit located at: 40 Foley Square, New York N. Y. 10007 (See: Exhibit "D").

---

[1]Mr. Gonzalez charged Petitioner's Mother $2, 500 for said Brief.

Said Petition was filed under Docket No. 07-3796-ag, and the Court GRANTED A STAY OF REMOVAL, and assigned Mr. Lee Gelernt, of the American Civil Liberties Union to represent Petitioner ***amicus curiae.***

Both Counsel have filed an Amicus Curiae Brief, and the Government have filed a Respond in Opposition to said Briefs.

Petitioner have been Detained in the custody of the Respondents for over thirty-one Months and have had a ninety days, a six Months, and a one year **Custody status Review For Release** which were all denied by the Respondents. In each decision the reviewing Officer recited Petitioner's past criminal history, acknowledge that the Petitioner had been granted a Stay of Removal by the Second Circuit, and that it was still in effect. In all of the review decisions Petitioner was denied for the following reason:

The nature of your crimes demonstrates a pattern of disregard for the Law of the United States. You have also shown an inability to conform to the rules of society, exemplified by your violation of the condiction of your probation, making you a flight risk. In addition, your promotion of illegal drugs on the streets in the community poses a significant threat to the community members and children (See: Exhibit "F")

For as long as the Petitioner have being in in the custody of New York State Department of Correction, and the Custody of the Immigration Custom Enforcement (ICE) he has never been issued a misbehavior Report or been involve in an incident that have made him a suspect in any unlawful conduct.

The Petitioner now ask this Court to review said decision in light in the ruling Under ***Lawson v. Gerlinski, 332 F. Supp. 2d 735 (M.D. Pa. 2004),***

and the attach Memorandum of Law:

I Worlkis Luna-Aponte duly sworn that the statements that form the bases for this petition are true to the best of my personal knowledge, and under the penalty of perjury

Executed: January 13, 2010

Worlklis Luna-Aponte, Pro-Se


cc: File

## **CONCLUSION**

For the reasons set forth above, the petition for a writ of habeas corpus should be granted conditionally and the Petitioner should be release from confinement subjected to pertinent conditions of supervision pending a final disposition in his Removal proceedings.

That this Court grant all other relief that is just and proper.

## MEMORANDUM OF LAW

At issue in this habeas corpus proceeding is whether an alien ordered to be removed from the United States on the basis of his criminal convictions may be incarcerated for a prolonged period of time without an opportunity to be heard on the matter of conditional release from confinement because execution of the removal decree has been stayed by judicial order. Concluding that an alien in such a circumstance has a constitutional right to a meaningful individualized determination of his status pending adjudication of the validity of the removal order,

It has been recognized that "where a court issues a stay pending its review of an administrative removal Order, the alien continues to be detained under [INA] § 236 until the court renders its decision." _Wang v. Ashcroft, 320 F.3d 130, 147 (2d Cir. 2003)._ Section 236(c), 8 U.S.C. § 1226(c), requires the Attorney General to take into custody certain classes of criminal aliens, including aliens with convictions of the nature of Petitioner's, and generally prohibits their release unless essential to a criminal investigation. In **Demore v. Kim, 538 U.S. 510, 513, 155 L. Ed. 2d 724, 123 S. Ct. 1708 (2003)**, the Court sustained the authority of Congress to mandate detention of criminal aliens during administrative removal proceedings, but did not address the question presented here: whether the due process clause of the

Fifth Amendment requires that a criminal alien be afforded an opportunity to be heard on the question of conditional release pending judicial review of an administrative removal order, the execution of which has been stayed by judicial order....

The United States Supreme Court "has repeatedly recognized that 'if an alien is a lawful permanent resident of the United States and remains physically present here, he is a person within the protection of the Fifth Amendment.'" *Tineo v. Ashcroft, 350 F.3d 382, 398* (3d Cir. 2003)(citation omitted). In *Zadvydas v. Davis, 533 U.S. 678, 150 L. Ed. 2d 653, 121 S. Ct. 2491 (2001)*, the United States Supreme Court recognized the constitutional implications of prolonged detention for those subject to a valid order of removal. "Freedom from imprisonment -- from government custody, detention, or other forms of physical restraint -- lies at the heart of the liberty that [the Fifth Amendment's Due Process] Clause protects." Zadvydas, 533 U.S. at 690. "Government detention violates that Clause unless the detention is ordered in a criminal proceeding with adequate procedural protections, or, in certain special and 'narrow' non-punitive 'circumstances,' where a special justification, such as harm-threatening mental illness, outweighs the 'individual's constitutionally protected interest in avoiding physical restraint. '" Id. (citations omitted). The fact that the alien has procured a stay of removal does not undermine

the due process bedrock principle that there must be a "special justification" outweighing the alien's constitutionally-protected interest in liberty, as well as "adequate procedural protections" to continue incarceration while the alien litigates his claims. Id. at 690, 691.

Although a bare majority of Justices sustained the authority of Congress to mandate detention of criminal aliens during administrative removal proceedings in Demore, the opinion of the Court emphasized that such detention would be only "for the brief period necessary for their removal proceedings." 538 U.S. at 513 (emphasis added). Justice Kennedy, whose concurring opinion provided the fifth vote for the majority opinion in Demore, recognized that a lawful permanent resident "could be entitled to an individualized determination as to his risk of flight and dangerousness if the continued detention became unreasonable or unjustified." Id. at 532 (Kennedy, J., concurring). In Ngo v. INS, 192 F.3d 390, 397 (3d Cir. 1999), the Court of Appeals recognized the applicability of these fundamental principles by explaining that long term detention of an alien ordered removed passes constitutional muster only if "there are adequate and reasonable provisions for the grant of parole . . . and . . . detention is necessary to prevent a risk of flight or a threat to the community." The Court of Appeals elaborated that the assessment of flight risk and danger to the community must be made on a current basis. Id. "To

presume dangerousness to the community and risk of flight based solely on [an alien's] past record does not satisfy due process." Id. at 398-99.

Furthermore, an alien should not be effectively punished by pursuing applicable legal remedies, such as a stay of removal. As stated by the Sixth Circuit Court of Appeals in *Ly v. Hansen, 351 F.3d 263 (6th Cir. 2003)*:

An alien who would not normally be subject to indefinite detention cannot be so detained merely because he seeks to explore avenues of relief that the law makes available to him. Further, although an alien may be responsible for seeking relief, he is not responsible for the amount of time that such determinations may take.

*In Lawson v. Gerlinski, 332 F. Supp. 2d 735 (M.D. Pa. 2004)*, the Court grappled with the question of whether a criminal alien is entitled to consideration for conditional release while litigating a non-frivolous challenge to the execution of a removal order. This Court concluded that at least "where an alien has satisfied the requirements for securing a stay of removal, detention must be justified by facts showing a flight risk or danger to the community." Id. at 746. In other words, an alien who has procured a stay of removal and is facing the prospect of prolonged detention pending adjudication of his or her claims, is entitled to consideration for conditional release. Because the

INS has taken the position that Petitioner is not eligible for release, it does not appear that he has received the process afforded to those who are eligible for release after issuance of a final administrative order of removal.

In Ngo, 192 F.3d at 399, the Third Circuit Court of Appeals suggested that procedures that included (a) advance written notice to the alien of an opportunity to present information supporting release, (b) the right to representation by counsel or other individuals, (c) an opportunity for periodic personal interviews, (d) a written explanation for a custody decision, (e) the opportunity for review by INS headquarters, (f) periodic reviews of custody decisions, and (g) a refusal to presume continued detention based upon criminal history, would, if conscientiously applied, satisfy due process concerns. Such procedures appear to be embodied in 8 C.F.R. § 241.4(i), which govern post-removal order release determinations by the Executive Associate Commissioner for Field Operation for any alien who is not removed within three months after an initial records review made by the Headquarters Post-Order Detention Unit. The regulations also supply the appropriate analytical framework for a decision to continue detention. See 8 C.F.R. § 241.4(d) and (e). These provisions should apply to an alien such as Petitioner, who has received a records review and who has been in custody for more than six months after a stay of

removal was entered. Otherwise, an alien who poses no threat to the community or flight risk can be detained indefinitely while litigating a substantial challenge to a deportation order. The INS position that an alien such as Petitioner is ineligible for consideration for conditional release is inconsistent with the constitutional command that liberty be taken away only for appropriate reasons and only after the affected individual has been afforded a meaningful opportunity to be heard on the appropriateness of detention.

It bears noting that to secure a stay of removal an alien must satisfy the traditional four-pronged test for preliminary injunctions, which, of course, include presentation of at least a substantial issue. (See: *Douglas v. Ashcroft, 374 F.3d 230, 233-34 (3d Cir. 2004).*

# EXHIBIT "A"

UNITED STATES DEPARTMENT OF JUSTICE
EXECUTIVE OFFICE FOR IMMIGRATION REVIEW
BOARD OF IMMIGRATION APPEALS
FALLS CHURCH, VIRGINIA

-----------------------------------------------------X

In the Matter of

                             **IN REMOVAL**

    **WORKLIS LUNA APONTE**               **PROCEEDINGS**
    **A# 44-133-120**

            Respondent.

-----------------------------------------------------X

**APPEAL BRIEF**

**PRELIMINARY STATEMENT**

Respondent, Worklis Luna-Aponte, appeals the Order of the Immigration Judge,

dated May 3, 2007. The basis of Respondent's appeal is the Immigration Judge's abuse

of discretion in denying a continuance pending Respondent's Motion to Vacate in the

New York County Supreme Court of Indictment No. 5816-06.

Respondent was admitted to the United States as a lawful permanent resident on

July 17, 1993. On September 20, 2006, he was convicted in the Supreme Court, County

of Kings, under indictment number 5816-06 for the offense of criminal sale of a

controlled substance in the fifth degree, to wit cocaine, in violation of Section 220.31 of

the New York State Penal Law. This is Respondent' first and only conviction.

Respondent was placed in removal proceedings as a result of his 2006 conviction.

During his removal proceedings, Respondent stated to the Court that he was attempting to

vacate his conviction. Respondent asked the Immigration Judge to continue and/or

terminate his removal proceedings pending the outcome of his Motion to Vacate

Conviction.

1

000006



## ARGUMENT

**I.    Respondent's Removal Proceedings Should Be Terminated Pending Decision on His Motion to Vacate Judgment Before the New York County Supreme Court.**

It is important that Mr. Luna is available to testify at a hearing once scheduled regarding his Motion to Vacate his Criminal Conviction and appeal. The likelihood that Mr. Luna's criminal matter will be vacated is higher if Mr. Luna is present in the State of New York.

**II.    The BIA Should Not Allow The Immigration Judge to Enter a Final Order of Removal While Mr. Luna has a Pending Litigation in the New York County Supreme Court.**

Mr. Luna has a very strong case for vacating his conviction. Mr. Luna's prior criminal defense attorney told Mr. Luna that he would not be subject to deportation if he pleaded guilty on the day of his plea. Due to the ineffective nature of the assistance given by Mr. Luna's prior defense counsel, Mr. Luna has standing to vacate his criminal court plea.

Mr. Luna's plea to criminal sale of a controlled substance is what landed Mr. Luna's into removal proceedings.

Both the New York State Court of Appeals and the United States Court of Appeals for the Second Circuit offer support for granting the relief sought by Mr. Luna. See People v. McDonald, 1 NY.3d 109 (2003) and United States v. Couto, 311 F.3d 179 (2d. Cir. 2002).

2

000007



Based on the aforementioned facts and case law, the proper remedy is for the BIA to reverse, vacate, or remand to the Immigration Court for further proceedings.

## CONCLUSION

Based on the facts and case law stated above, it is respectfully requested that Mr. Luna's appeal be granted and that his case be remanded to the Immigration Court so that Mr. Luna may complete his pending criminal litigation and file for proper relief before the Immigration Court.

Dated: July 3, 2007
    New York, New York

Respectfully submitted,

ISMAEL GONZALEZ, ESQ.
ISMAEL GONZALEZ &
ASSOCIATES
53 West 36th Street, Suite 605
New York, NY 10018

3

# EXHIBIT
# "B"

**UNITED STATES DEPARTMENT OF JUSTICE**
**EXECUTIVE OFFICE FOR IMMIGRATION REVIEW**

**Board of Immigration Appeals –**
**Falls Church, VA**

A44-133-120
June 29, 2007

In Re: Worlklis LUNA APONTE

**Alien's Appeal from IJ**
**Decision, Currently Before**
**the Board of Immigration**
**Appeals**

ON BEHALF OF ALIEN:

Ismael Gonzalez, Esq.
53 West 36th Street - Suite 605
New York, NY 10018

ON BEHALF OF DHS:

Matthew J. O'Brien, Esq.
Assistant Chief Counsel
Department of Homeland Security
P.O. Box 606, Castle Pt. VA Complex
Castle Point, NY 12511

## GOVERNMENT'S MEMORANDUM IN RESPONSE TO ALIEN'S APPEAL

The Government believes that the decision entered by the Immigration Judge (IJ) at the conclusion of this matter fully and fairly resolves all pertinent legal and factual issues properly before the Immigration Court.

The Government respectfully submits that the alien's appeal raises no legal or factual issues, which were incorrectly or improperly decided by the IJ. Therefore, there is nothing contained in the IJ's decision, which would require a reversal or modification of said decision.

As such, the Government adopts the IJ's decision as its position on appeal, and declines to file an appellate brief in this matter.

Based on the contents of the record already existing in this matter, the Government asks the Board of Immigration Appeals to dismiss the alien's appeal and deny any and all applications for appellate relief that he/she may have heretofore submitted.

1 of 2

000011

Respectfully submitted,

Matthew J. O'Brien,
Assistant Chief Counsel
U.S. Imm. & Customs Enforcement

## CERTIFICATE OF SERVICE

I, Matthew J. O'Brien, Assistant Chief Counsel, Department of Homeland Security – U.S. Immigration and Customs Enforcement, do hereby certify that on the date noted below, I caused a copy of the attached brief to be served, by U.S. Mail, upon the Alien and/or his attorney-of-record at the following address(es):

Ismael Gonzalez, Esq.
53 West 36th Street - Suite 605
New York, NY 10018

A#: 44-133-120

Date: June 29, 2007
Matthew J. O'Brien, Esq.

RECEIVED
DEPARTMENT OF JUSTICE
EXECUTIVE OFFICE FOR
IMMIGRATION REVIEW
2007 JUL -2 A 11: 22
BOARD OF
IMMIGRATION APPEALS
OFFICE OF THE CLERK

000012

# EXHIBIT "C"



U.S. Department of Justice

Executive Office for Immigration Review

*Board of Immigration Appeals*
*Office of the Clerk*

—

*5107 Leesburg Pike, Suite 2000*
*Falls Church, Virginia 22041*

**Gonzalez, Ismael, Esq.**
**53 West 36th Street Suite 605**
**New York, NY 10018-0000**

**USICE/DHS Litigation/ULS**
**P.O. Box 606**
**Castle Point, NY 12511**

**Name: LUNA APONTE, WORLKLIS**

**A44-133-120**

**D**ate of this notice: 7/20/2007

Enclosed is a copy of the Board's decision and order in the above-referenced case.

Sincerely,

*Donna Carr*

Donna Carr
Chief Clerk

Enclosure

Panel Members:
    MILLER, NEIL P.

**U.S. Department of Justice**
Executive Office for Immigration Review

Decision of the Board of Immigration Appeals

Falls Church, Virginia 22041

---

File:    A44 133 120 - Napanoch, NY                Date:    JUL 2 0 2007

In re: WORLKLIS LUNA APONTE a.k.a. Worlklis Luna a.k.a. Worlkis Luna

IN REMOVAL PROCEEDINGS

APPEAL

ON BEHALF OF RESPONDENT:    Ismael Gonzalez, Esquire

ON BEHALF OF DHS:    Matthew J. O'Brien
                     Assistant Chief Counsel


ORDER:

    PER CURIAM.    The respondent has appealed from the Immigration Judge's decision dated
May 3, 2007. The Immigration Judge found the respondent removable as charged and ineligible for
any form of relief from removal. The respondent's argument on appeal is that the Immigration Judge
erred in denying his request for a continuance so that he could seek post-conviction relief. We agree
with the Immigration Judge's conclusion that the respondent has not shown good cause for a
continuance. It is not good cause to request a continuance to await the results of a collateral event,
such as the filing of post-conviction relief, which may or may not result in an outcome favorable to
the respondent at some indefinite date in the future. *See Matter of Perez-Andrade*, 19 I&N Dec. 433
(BIA 1987) (the decision to grant or deny a continuance is within the discretion of the Immigration
Judge, if good cause is shown, and that decision will not be overturned on appeal unless it appears
that the respondent was deprived of a full and fair hearing). Accordingly, the respondent's appeal is
dismissed.


_____
FOR THE BOARD

# EXHIBIT
# "D"



*Office of Detention and Removal Operations*
*Buffalo Field Office*

U.S. Department of Homeland Security
130 Delaware Avenue
Buffalo, NY 14202

**U.S. Immigration
and Customs
Enforcement**

Worlkis LUNA-Aponte
C/O Buffalo Federal Detention Facility
A44 133 120
4250 Federal Drive
Batavia, NY 14020

## Decision to Continue Detention

This letter is to inform you that your custody status has been reviewed and it has been determined that you will not be released from the custody of U.S. Immigration and Customs Enforcement (ICE) at this time. This decision has been made based on a review of your file and/or your personal interview and consideration of any information you submitted to ICE's reviewing officials.

The record shows that you are a native and citizen of the Dominican Republic who entered the United States on July 17, 1993 as a lawful permanent resident, at New York, NY. You were convicted in August 2006 for criminal sale of a controlled substance-5th and sentenced to 18 months incarceration. You were convicted in April 2001 for robbery-3rd and sentenced to probation. You were then re-sentenced in July 2005 to 6 months incarceration after violating the conditions of your probation. You were served a Notice to Appear on November 28, 2006 and placed into removal proceedings. You were ordered removed by the Immigration Judge on May 3, 2007. You appealed the IJ's decision, and on July 20, 2007 the BIA dismissed your appeal and affirmed the IJ's removal order. You subsequently filed a petition for review of the BIA's decision and a motion for a stay of removal with the 2nd Circuit Court of Appeals. Your stay of removal is still in effect.

The nature of your crimes demonstrates a pattern of disregard for the laws of the United States. You have also shown an inability to conform to the rules of society, exemplified by your violation of the conditions of your probation, making you a flight risk. In addition, your promotion of illegal drugs on the streets in the community poses a significant threat to community members and their children.

Therefore, for the above stated reasons it is the decision of ICE that you should remain in custody at this time pending the outcome of your federal litigation. Immigration and Customs Enforcement will conduct another review of your case in accordance with current regulations. It is in your best interest to maintain proper behavior while awaiting this review.

_____     _10/9/09_
Signature of Field Office Director, DRO/Designated Representative     Date

Print Name, Title and Location: _S.Gallagher, DROD, BUF_