Worlklis Luna Aponte
044-133-120
Buffalo Federal Detention Facility
4250 Federal Drive
Batavia, New York 14020

## UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF NEW YORK

| | |
|---|---|
| Worlklis Luna Aponte, 044-133-120 )<br><br>Plaintiff-Petitioner )<br><br>-vs- )<br><br>MARTIN HERRON, in his official capacity as )<br>Director of the Buffalo Federal Detention )<br>Facility; MICHEAL T. PHILLIPS, in his official )<br>capacity as Buffalo Field Office Director for )<br>Detention and Removal; JOHN T. MORTON, in )<br>his official capacity as Acting Assistant )<br>Secretary of U.S. Immigration and Customs )<br>Enforcement; JANET NAPOLITANO, in her )<br>official capacity as the Secretary of the U.S. )<br>Department of Homeland Security; and ERIC )<br>HOLDER, in his official capacity as Attorney )<br>General of the U.S. Department of Justice )<br><br>Defendants-Respondents )<br>----------------------------------------------------- ) | Case No. 10-CV-6024 |

## VERIFIED AMENDED PETITION FOR A WRIT OF HABEAS CORPUS

Plaintiff-Petitioner Worlklis Luna Aponte alleges as follows: On January
15, 2010, Petitioner filed the above docket number petition for a writ of
habeas corpus in this Court. Subsequently, this Court ordered that the
Respondents be served and that they file a Response within forty-five (45)

days. Petitioner is now moving to amend that petiton PRIOR to the
Respondents' response pursuant to Rule 15.1(a)

## INTRODUCTION

1. This habeas corpus action challenges the prolonged and continuing
detention of the Petitioner here at the Buffalo Federal Detention Facility
located at 4250 Federal Drive, Batavia, New York 14020. Petitioner has been
incarcerated by the immigration authorities since   May 14, 2007, even
though he poses no significant danger or flight risk, while he has challenged
the Government's efforts to remove him. During the entire period of his
imprisonment, Petitioner has never had a hearing to determine whether his
prolonged detention is justified.

2. Petitioner's prolonged detention, without a hearing to determine if
such detention is justified, violates both the Immigration and Nationality Act
(INA) and the Constitution. Petitioner's detention violates due process
because it is not reasonably related to a legitimate regulatory purpose and
because it has been accomplished without the kinds of procedural safeguards
that are necessary to justify such a significant deprivation of liberty. This
Court, however, need not--and should not--reach the serious constitutional
question posed by Petitioner's detention. Rather, principles of constitutional
avoidance require this Court to construe the immigration statute as not
authorizing Petitioner's continued detention at least in the absence of a

constitutionally adequate custody hearing.

3. Petitioner respectfully requests that this Court issue the writ of habeas corpus and order his immediate release under reasonable conditions of supervision or, in the alternative, a hearing before an impartial adjudicator, at which Respondents bear the burden of establishing that his continued detention is justified.

4. Pursuant to 28 U.S.C. § 2243 and as set forth in an application filed herein, Petitioner also requests that the Court immediately order Respondents to show cause why the writ of habeas corpus should not be granted. Petitioner requests further that the Court set a hearing on this matter within five (5) days of Respondents' return on the order to show cause.

## CUSTODY

5. Petitioner is in the physical custody of Respondents and the United States Immigration and Customs Enforcement (ICE). Petitioner is detained at the Buffalo Federal Detention Facility, in Batavia, New York. Petitioner is under the direct control of Respondents and their agents.

## JURISDICTION AND VENUE

6. This Court has subject matter jurisdiction pursuant to 28 U.S.C.§ 2241 (habeas corpus); 28 U.S.C. § 1651 (All Writs Act); 28 U.S.C. § 1331 (federal question); 28 U.S.C §§ 2201-02 (declaratory relief); and the U.S.

Constitution, art. I, § 9, cl. 2 (Suspension Clause).

7. While the courts of appeals have jurisdiction to review removal orders directly through petitions for review, 8 U.S.C. § 1252(a)(1),(b), the federal district courts have jurisdiction under 28 U.S.C. § 2241 to hear habeas claims by non-citizens challenging the lawfulness or constitutionality of their detention   by ICE. See: *Demore v. Kim*, 538 U.S.510, 516-17 (2003); *Zadvydas v. Davis*, 533 U.S. 678, 687 (2001).

8. Venue is proper in the Western District of New York pursuant to 28 U.S.C. § 2241(d) because Petitioner is incarcerated at the Buffalo Federal Detention Facility, in Batavia, New York.

## **PARTIES**

9. Petitioner  is a native and citizen of the Dominican Republic who has been detained for over thirty-two (32) months pending completion of removal proceedings in the Immigration Court, the Board of Immigration Appeals (BIA), and presently the United States Court of Appeals for the Second Circuit. Petitioner was taken into ICE custody on May 14, 2007 and has been detained continuously since then.

10. Respondent Martin Herron is the Director of the Buffalo Federal Detention Facility, in Batavia, New York and is Petitioner's immediate custodian. Mr. Herron is sued in his official capacity.

11. Respondent Micheal T. Phillips is the Field Office Director for

4

Deportation and Removal in the Buffalo Field Office of the U.S. Immigration and Customs Enforcement. In this capacity, he has jurisdiction over the Buffalo Federal Detention Facility, where Petitioner is detained. He is a legal custodian of the Petitioner. Mr. Phillips is sued in his official capacity.

12. Respondent John T. Morton is the Assistant Secretary of the U.S. Immigration and Customs Enforcement. In this capacity, he has responsibility for the enforcement of the immigration laws. As such, he is a legal custodian of Petitioner. Mr. Morton is sued in his official capacity.

13. Respondent Janet Napolitano is the Secretary of Homeland Security and head of the Department of Homeland Security, the arm of the United States Government responsible for enforcement of immigration laws. Ms. Napolitano is the ultimate legal custodian of Petitioner. Ms. Napolotano is sued in her official capacity.

14. Respondent Eric Holder is the Attorney General of the United States and the head of the U.S. Department of Justice, which encompasses the Board of Immigration Appeals and Immigration Courts as a subunit, and the Executive Office of Immigration Review. Mr. Holder shares responsibility for the implementation and enforcement of immigration laws along with Respondent Mrs Napolitano. Mr. Holder is a legal custodian of Petitioner. Mr. Holder is sued in his official capacity.

## FACTS AND PROCEDURAL HISTORY

15. Petitioner is a native and citizen of the Dominican Republic who entered the United States at New York, New York, on July 17, 1993, as a Legal Permanent Resident. On September 20, 2006, Petitioner pled guilty to Criminal Sale of a Controlled Substance (cocaine) in the Fifth Degree, a class 'D' Felony, in violation of New York State Penal Law § 220.31, for which he was sentenced to eighteen months of imprisonment.

16. On December 1, 2006, while serving his sentence, the Department of Homeland Security (DHS) filed a Notice to Appear (NTA) with the Immigration Court, commencing removal proceedings against Petitioner, charging him as removable under 8 U.S.C. § 1227(a)(2)(A)(iii), on account of his conviction of an aggravated felony as defined under 8 U.S.C. § 1101 (a)(43)(B). The DHS further charged Petitioner as removable under 8 U.S.C. § 1227(a)(2)(B)(i), for a violation of any law or regulation of a State relating to a controlled substance, on account of his conviction.

17. On May 3, 2007, an immigration judge (IJ) issued an oral decision ordering Petitioner removable as charged. The judge determined that based upon the evidence of record, it had been established by clear and convincing evidence that Petitioner was not a national and citizen of the United States. The IJ also determined that under either the prior or current statute, Petitioner did not automatically derive citizenship from his naturalized father

6

because Petitioner was nineteen years old when this event occurred, (citing 8 U.S.C. § 1432 (1998); and 8 U.S.C. § 1431 (2007)).

18. In addition, based on Petitioner's own admission, the IJ determined that Petitioner's conviction of an aggravated felony and for violating a State Law relating to a controlled substance had been sustained by clear and convincing evidence. Furthermore, the IJ concluded that Petitioner's conviction of an aggrevated felony rendered him statutorily ineligible for any relief from removal. Moreover, the IJ determined that Petitioner's general fear of crime in the Dominican Republic was insufficient to establish his prima facie eligibility for deferral of removal under the CAT.

19. On May 14, 2007, Petitioner was released on Parole from the custody of the New York State Department of Correction Services and transferred to the custody of Immigration and Customs Enforcement (ICE).

20. Some time thereafter, Petitioner's family secured IsMael Gonzalez Esq., to represent him in an appeal to the Board of Immigration Appeals. On July 15, 2007, said counsel filed an Appeal Brief with the BIA in which he raised the following issues: (1) Petitioner's Removal Proceedings should be terminated pending his motion to vacate judgement before the New York County Supreme Court, (2) The BIA should not allow the immigration judge to enter a final order of removal while Petitioner has a pending litigation in the New York County Supreme Court. (See: Exhibit "A")[1].

[1]Mr. Gonzalez charged Petitioner's Mother $2, 500.00 for sald brief

21. On June 29, 2007, the Government submitted a Memorandum in Opposition to Petitioner's brief and the relief sought therein, to the BIA. (See: Exhibit "B").

22. On July 20, 2007, the BIA denied Petitioner all the relief sought in the appeal brief stating in part:

> We agree with the Immigration Judge's conclusion that the respondent has not shown good cause to request a continuance. It is not good cause to request a continuance to await the result of a collateral event, such as the filing of post-conviction relief, which may or may not result in an outcome favorable to the respondent at some indefinite date in the future. *Matter of Perez-Andrade 19 17 N Dec. 433 (BIA) 1987)* (See: Exhibit "C").

23. On August 28, 2007, Petitioner filed an untimely petition for Review and a Stay of Removal in the United States Court of Appeals For The Second Circuit located at 40 Foley Square, New York, N.Y. 10007. Said Petition was filed under Docket No. 07-3796-ag, and the Court granted a Stay of Removal. An Amicus Curiae brief has since been filed and the Government filed it's Response Brief in opposition to said brief. Petitioner is presently awaiting a decision in said proceedings.

24. Petitioner has been detained in the custody of the Respondents for over thirty-two (32) months and have had a three (3) month, six (6) month and twelve (12) month Custody Status Review For Release, which all stated the following (same) reasons for denial:

> The nature of your crimes demonstrates a pattern of disregard for the laws of the United States. You have also shown an inability to conform to the rules of society, exemplified by your

violation of the conditions of your probation, making you a flight risk. In addition, your promotion of illegal drugs on the streets in the community poses a significant threat to community members and children (See: Exhibit "D").

25. The Government's reason for denying Petitioner's release were prejudicial because it failed to take into consideration the fact that Petitioner has never been issued a misbehavior report or been involved in an incident that makes him a suspect in any unlawful conduct, during his thirty-two (32) months of imprisonment.

## **LEGAL FRAMEWORK**

## **I. Statutory Framework Governing Immigration Detention**

26. 8 U.S.C. § 1226, governs the detention of a non-citizen "pending a decision" as to removal[2]. In contrast, 8 U.S.C 1231, governs detention of "aliens ordered removed." 8 U.S.C 1231. Section 1231(a)(2) authorizes detention "[d]uring the [90-day] removal period" while § 1231(a)(6) authorizes detention "beyond the removal period."

27. Once an administratively final order of removal is issued against a non-citizen, the non-citizen may appeal that order to the Court of Appeals and request a stay of that removal order pending judicial review. Most circuit courts have found that the detention of individuals whose removal order has been stayed pending judicial review is governed not by § 1231(a), but rather by § 1226 because in such instances, the removal period has not yet begun.

[2]In addition non-citizens are subject to detention under 8 U.S.C 1225. However, 1226 governs the detention of these non- citizens as well.

See: *Wang v. Ashcroft*, 320 f.3d 130, 147 (2d cir. 2003); *Prieto-Romeo v. Clark*, 534, F.3d 1053, 1059 (9th cir. 2008); *Bejjani v. INS*, 271 F.3d 670, 689 (6th cir. 2001).

28. Within § 1226, subpart (a) provides for discretionary, pre-final-order detention, and subpart (c) provides for mandatory, pre-final-order detention. Compare 8 U.S.C. § 1226(a) ("an alien may be arrested and detained pending a decision on whether the alien is to be removed from the United States... [P]ending such decision, the Attorney General may continue to detain the alien or may release the alien [on bond or parole]") with 8 U.S.C. 1226(c) ("the Attorney General shall take into custody any alien who ... is deportable by reason of having committed any offense covered in section 237(a)(2)(A)(ii), (A)(iii), (B), (C), or (D) ... when the alien is released..." and prohibiting release except for limited law enforcement purposes) (emphasis added).

## II. The Due Process Constrains On Prolonged Immigration Detention

29. The Supreme Court has held that "[f]reedom from imprisonment from government custody, detention, or other forms of physical restraint lies at the heart of the liberty that the clause protects," and that non-citizens have their liberty interest threatened by immigration detention. See: *Zadvydas v. Davis*, 533 U.S. 678, 690 (2001); *Patel v. Zemski*, 275 f.3d 299, 309 (2001)(same), (overruled on other grounds), *Demore v. Kim*, 538

U.S. 510 (2003). For this reason, immigration detention violates due process unless it is reasonably related to its purpose. See: *Zadvydas*, 533 U.S. at 690-91; *Ngo v. INS* 192 f.3d 390,(3d cir. 1999).

30. Applying this framework, courts have repeatedly found unreasonably prolonged detention to raise serious due process concerns. For example, in *Zadvydas*, the Supreme Court held that due process concerns with respect to indefinite detention required it to construe the statue regarding detention of non-citizens with final orders of removal to not allow detention for more than six months if there is "no significant likelihood of removal in the reasonably foreseeable future." 533 U.S. at 701.

31. Similarly, in *Demore v. Kim*, the Supreme Court upheld mandatory, pre-removal order detention under 8 U.S.C. § 1226(c), only for "non-citizens who had conceded deportability and only for the *brief* period necessary for [completing] removal proceedings." 538 U.S. at 513 (emphasis added). In particular, the *Demore* court stressed "[t]he very limited time of the detention at stake under § 1226(c)," and relied heavily on the Government's representations that such detention lasts "roughly a month and a half in the majority of cases in which the alien chooses to appeal." *Id*. at 530.

32. Since *Demore*, the circuit courts considering the issue have acknowledged the serious constitutional concern raised by detention that has

exceeded the time reasonably necessary to complete removal proceeding and found such detention to be impermissible. See: *Tijani v. Willis*, 430 F. 3d. 1241, 1242 (9th Cir. 2005); *Casas-Castrillon v. Dep't of Homeland Security*, 535 F. 3d 942, 948 (9th Cir. 2008); *Ly v. Hansen*, 351 F. 3d. 263, 271-72 (6th Cir. 2003).

33. The court reached a similar holding in *Scarlett v. U.S. Dept. of Homeland Sec.*, ---F. Supp. 2d---, 2009 WL 2025336, at *9 (2009), holding that "petitioner's detention has far exceeded the parameters of the *brief* or *limited* period of time which the United States Supreme Court deemed constitutional in *Demore v. Kim.*" Moreover, other courts in the Second Circuit have reached similar holdings as well as courts from other jurisdictions. See: *Fuller Gonzales*, No. 04-2039, 2005 WL 818614, at *5 (D. Conn. Apr. 08, 2005) ("*Kim* holds that it was permissible to detain aliens under § 236(c) for the short time necessary to complete removal proceedings"); *Hyppolite v. Enzer*, No. 07-00729 WL 1794096, at * 1 (D. Conn. June 19, 2007) ("in order for 8 U.S.C. § 1226(c) to comport with the requirements of the Due Process Clause of the Fifth Amendment, its provisions for pre-removal no-bond detention without an individualized bond hearing must be construed as limited to detention for a reasonable time period."); *also: Madrane v. Hogan*, 520 F. Supp. 2d 654, 666 (M.D. Pa. 2007) (Expressing "concern over what appears to be an extraordinarily

12

lengthy deprivation of liberty"); *Uritsky v. Ridge*, 286 F. Supp. 2d 842, 846-47 (E.D. Mich. 2003) (finding 11 month detention unreasonable and therefore not authorized by 8 U.S.C. § 1226(c)); *Parlak v. Baker*, 374 F. Supp. 2d 551, 559-62 (E.D. Mich. 2005) (same, for eight months), (*vacated as most moot sub nom); Parlak v. U.S. I.C.E.*, 2006 WL 3634385 (6th Cir. Apr. 27, 2006).

34. Still other courts have found mandatory detention to be impermissible where a petitioner has a substantial challenge to removal. See *Gonzalez v. O'Connell*, 355 F. 3d 1010, 1019-1020 (7th Cir. 2004) (noting that *Demore* left open the question as to the constitutionality of mandatory detention as applied to an individual who is raising a good faith challenge to deportability); *Tijani v. Willis*, 430 F. 3d 1241, 1247 (Tashima, J. concurring) (in light of a serious constitutional problem, mandatory detention statute should be construed as applying only to those non-citizens who cannot raise a substantial argument against removability); *Demore*, 538 U.S. at 578-79 (Breyer, J., dissenting) (same); *cf. Krolak V. Achim*, No. 04-C-6071, at *1 (N.D. I11. Dec. 1, 2004) (holding that application of § 1226(c) to non-citizens with good faith claim to relief violates due process).

35. Furthermore, the Supreme Court has recognized that where detention is prolonged, due process also requires "strong procedural protections." See: *Zadvydas*, 533 U.S. at 690-91; and *Ngo*, 192 F. 3d at 389

("[w]hen detention is prolonged, special care must be exercised... The stakes are high and we emphasize that grudging and perfunctory review is not enough to satisfy the due process right to liberty....").

36. These protections include, *inter alia*, "rigorous" and "individualized" review over prolonged immigration detention, *Ngo*, 192 F. 3d at 392; also id. at 399 (due process "requires an opportunity for an evaluation of the individual's current threat to the community and his risk of flight") (emphasis added), as well as the provision of an adversary hearing before a neutral decision-maker where the Government bears the burden of proof to justify continued detention. See: *Zadvydas*, 533 U.S. at 692; *Case-Castrillon v. Dep't of Homeland Sec.*, 535 F. 3d 942, 950 (9th Cir. 2008); *Tijani*, 430 F. 3d at 1242, 1244-45 (Tashima, J. concurring); *Foucha v. Louisiana*, 504 U.S. 71, 81 (1992); *United States v. Salerno,* 481, 432-33 (1979); *Kansas v. Hendricks*, 521 U.S. 346, 353, 366, 368 (1997); cf. *D'Alessandro v. Mukasey*,---F. Supp. 2d---, 2009 WL 799958, *14-28 (W.D.N.Y. 209) (holding that ICE's administrative custody review did not satisfy due process); *Wilks v. U.S. Dep't Homeland Security*, No. 07-2171, 2008 WL 4820654, at *3 (M.D. Pa. Nov. 3, 2008) (same).

## III. The Rule Of Constitutional Avoidance Requires Construing The INA's Detention Statutes To Avoid Constitutional Problems

37. Under the rule of constitutional avoidance, the INS's detention

14

statutes must be interpreted to avoid the due process problems set forth above. This rule dictates reading a statute as not authorizing unconstitutional action unless no other construction is even "fairly possible." See: *Zadvydas*, 533 U.S. at 689; *Clark v. Martinez*, 543 U.S. 371, 381 (2005); *United States v. Magassouba*, 544 F.3d 387, 404 (2d Cir 2008). The Supreme Court has consistently applied the canon of constitutional avoidance to immigration statutes. See: *Zadvydas*, 533 U.S. at 697.

### IIIA. Under The Rule Of Constitutional Avoidance, § 1226(c) Does Not Apply To Individuals With   Substantial Claims Against Removal Or Authorize Prolonged Detention

38. Under the rule of constitutional avoidance, § 1226(c) must be construed not to authorize prolonged mandatory detention in two circumstances. First, § 1226(c) does not apply to individuals who have substantial challenges to removal. As set forth above, § 1226(c) applies only to individuals who are, *inter alia,* "deportable" or inadmissible based on designated criminal grounds. Section 1226(c)(A), (B); also *Matter of Joseph*, 22 I&N Dec. 799, 800 (BIA 1999). However, the meaning of "deportable" is ambiguous. See: *Demore*, 538 U.S. at 578-79 (Breyer, J. concurring in part and dissenting in part).

39. Moreover, serious constitutional problems arise where mandatory detention is applied to individuals with a substantial claim against removal. See: *O'Connell*, 355 F. 3d. at 1020; *Tijani*, 430 F 3d at 1247 (Tashima, J.

concurring); *Demore*, 538 U.S. at 578-79 (Breyer, dissenting). Thus, this Court should avoid these constitutional problems by construing "is deportable" within the meaning of § 1226(c) as not applying to individuals who have substantial claims to relief from removal which, if successful, would render them not deportable as charged.

40. Second, regardless of whether § 1226(c) applies to individuals who have substantial challenges to removal, § 1226 cannot be construed to authorize prolonged mandatory detention. As an initial matter, nothing in the plain language of § 1226(c) states that it authorizes prolonged mandatory detention, nor is there any other evidence that Congress intended it to do so. To the contrary, in upholding the constitutionality of § 1226(c), the Supreme Court specifically described the statute as authorizing mandatory detention only "during the brief period necessary for their removal proceedings." See: *Demore*, 538 U.S. at 513; *Scarlett*, 2009 WL 2025336, at *9 (same); *Fuller*, 2005 WL 818614, at *5; *Madrane*, 520 F. Supp. 2d at 664.

41. Moreover, if § 1226(c) did authorize prolonged mandatory detention, it would violate due process. Notably, the two circuit courts that have directly addressed the issue--the Sixth Circuit in *Ly v. Hansen*, and the Ninth Circuit in *Tijani v. Willis* and *Casas-Castrillon*--have construed the statute accordingly. See: *Ly*, 351 F. 3d at 269-70; *Tijani*, 430 F. 3d 1242;

*Case-Castrillon*, 535 F. 3d 950. Also: *Scarlett*, 2009 WL 2025336, at *9 (same); *Hyppolite*, 2007 WL 1794096, at* 1 (same); *cf, Fuller*, 2005 18614, at *5-6 (holding that prolonged detention violates due process); *Madrane,* 520 F. Supp, 2d at 667 (same).

## IIIB. Under The Rule Of Constitutional Avoidance, § 1226(a) And § 225 Cannot Be Read To Authorize Prolonged Detention Without A Constitutionally Adequate Hearing

42. Moreover, the rule of constitutional avoidance also requires this Court to construe § 1226(a) as not authorizing unreasonably prolonged discretionary detention. Like § 1226(c), § 1226(a) is also silent with respect to the length of detention authorized. Because unreasonably prolonged detention raises serious constitutional problems, and because there is no evidence that Congress intended to authorize such constitutionally problematic detention, this Court must read § 1226(a) as only authorizing detention for a "reasonable period of time." *Cf. Zadvydas*, 533 U.S. at 701.

43. In determining what is "reasonable," this Court must first read a time limit into the length of detention authorized by § 1226(a), that is, the "brief period of time necessary" to complete removal proceedings. See: *Demore*, 538 U.S. at 513; *Ly*, 351 F. 3d at 269-70 (construing § 1226 as authorizing detention only for the period of time reasonably necessary to conclude removal proceedings).

44. In addition, to the extent that the statutes are read to authorize

prolonged detention, this Court must also construe § 1226(a) to require a constitutionally adequate hearing where--like the hearings ordered by the Ninth Circuit in *Tijani and Casas*--the Government bears the burden of demonstrating before a neutral decision-maker that this prolonged detention is justified. *Cf. Tijani,* 430 F. 3d at 1242; *Casas-Castrillon*, 535 F. 3d at 950.

45. Notably, the regulations promulgated to implement the detention statute specifically provide for an immigration judge review of ICE's custody determinations, see: 8 C.F.R. § 236.1(c)(10), and allow for custody re-determinations where, as here, the non-citizen's circumstances have "changed materially" since the agency's initial custody decision or IJ's bond hearing. 8 C.F.R. § 1003.19(e). These regulations must likewise be construed to provide for constitutionally adequate review procedures.

## CLAIMS FOR RELIEF

### FIRST CAUSE OF ACTION
### VIOLATION OF IMMIGRATION AND NATIONALITY ACT: MANDATORY DETENTION OF A NON-CITIZEN WHO HAS A SUBSTATIAL CHALLANGE TO REMOVEAL

46. The foregoing allegations are reallged and incorporated herein.

47. 8 U.S.C. § 1226(c), the statute under which Petitioner is detained provides in relevant part that the "Attorney General shall take into custody any alien who... is deportable [or inadmissible] by reason of having committed" designated offenses. 8 U.S.C. § 1226(c) (emphasis added).

48. In light of the serious constitutional problems that would be raised

if the statute were construed as requiring the mandatory detention of non-citizens with substantial challenges to removal--and in the absence of any indication that Congress intended this result--the phrase "is deportable" [or "is inadmissible"] in § 1226(c) must be construed as not applying to such individuals.

49. Because Petitioner has a substantial claim that he is not removable, he is not "deportable" [or "inadmissible"] within the meaning of § 1226(c), and his mandatory detention is not authorized by that statute.

## SECOND CAUSE OF ACTION
## VIOLATION OF IMMGRANTION AND NATIONALITY ACT: PROLONGED DETENTION BEYOND THE TIME REASONABLY NECESSARY TO CONCLUDE REMOVAL PROCEEDINGS

50. The foregoing allegations are realleged and incorporated herein.

51. The statute under which Petitioner is detained is silent regarding the length of detention authorized. Because of the serious constitutional problems that would be posed if the statute authorized detention that has become unreasonably prolonged in length--and in the absence of any indication that Congress intended this result--this Court must construe the statute as authorizing detention for only the brief period of time reasonably necessary to conclude removal proceedings.

52. Because Petitioner has been detained beyond the period of time reasonably necessary to conclude his removal proceedings, his detention violates the immigration statute.

## THIRD CAUSE OF ACTION
### VIOLATION OF IMMGRATION AND NATIONALITYACT: PROLONGED DETENTION IN THE ABSENCE OF A HEARING WHERE THE GOVERNMENT BEARS THE BURDEN OF SHOWING THAT SUCH PROLONGED DETENTION IS JUSTIFIED

53. The foregoing allegations are realleged and incorporated herein.

54. The statute under which Petitioner is detained is silent regarding the procedures required if such detention becomes prolonged. Because of the serious constitutional problems that would be posed if the statute authorized prolonged detention without the kind of strong justification and procedural safeguards that such detention would require--and in the absence of any indication that Congress intended this result--this Court must construe the statute as requiring a constitutionally adequate hearing where the government bears the burden of showing that prolonged detention is justified.

55. Because Petitioner has been detained for a prolonged period of time without a constitutionally adequate custody hearing, his detention violates the immigration statute.

## FOURTH CAUSE OF ACTION
### VIOLATION OF DUE PROCESS CLAUSE OF THE FIFTH AMENDMENT: PROLONGED DETENTION THAT BEARS NO REASONABLE RELATION TO IT'S PURPOSE

56. The foregoing allegations are realleged and incorporated herein

57. Immigration detention violates due process unless such detention is reasonably related to its purpose. See: *Zadvydas*, 533 U.S. at 690;

*Demore*, 538 U.S. at 513 (upholding brief period of mandatory detention because it was necessary to purpose). Moreover, as detention becomes prolonged, the Due Process Clause requires a sufficiently strong justification to outweigh the significant deprivation of liberty, as well as strong procedural protections. See: *Zadvydas*, 533 U.S. at 690-91.

58. Petitioner's prolonged detention, when he poses no significant danger or flight risk, and when he has a substantial challenge to removal, bears no reasonable relation to the Government's purpose.

59. For the foregoing reasons, Petitioner's prolonged detention violates due process.

### FIFTH CAUSE OF ACTION
### VIOLATION OF DUE PROCESS CLAUSE OF THE FIFTH AMENDMENT: PROLONGED DETENTION WITHOUT A CONSTITUTIONALLY ADEQUATE HEARING WHERE THE GOVERNMENT BEARS THE BURDEN OF SHOWING THAT SUCH DETENTION IS JUSTIFIED

60. The foregoing allegations are realleged and incorporated herein.

61. Prolonged detention violates due process unless it is accompanied by strong procedural protections to protect against the erroneous deprivation of liberty. See: *Zadvydas*, 533 U.S. at 690-91; *Ngo*, 192 F.3d at 398. Moreover, when the Government deprives an individual of a significant liberty interest, the burden of justifying such a deprivation should be placed on the Government. See: *Tijani*, 430 F.3d at 1242; *Casas-Castrillon*, 535 F.3d at 950.

62. During his detention, Petitioner has never had a custody hearing where the Government bore the burden of demonstrating that his prolonged detention was justified.

63. Petitioner's prolonged detention has not been accompanied by the kind of procedural protections that such a significant deprivation of liberty requires.

64. For the foregoing reasons, Petitioner's continued detention violates due process.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff-Petitioner prays that this Court grant the following relief:

(a) Assume jurisdiction over this matter;

(b) Order Respondents to show cause within three days of filing this petition why the writ of habeas corpus should not be granted; and set a hearing on this matter within five days of Respondents' return on the order to show cause, pursuant to 28 U.S.C. § 2243;

(c) Grant the writ of habeas corpus and order Petitioner's immediate release from custody under reasonable conditions of supervision; or in the alternative, order a constitutionally adequate hearing where Respondents must demonstrate that Petitioner's continued detention is justified;

(d) Grant any other and further relief that this court deems just and proper.

Dated:      March 3, 2010
            Batavia, New York

Respectfully submitted,

orn to before me on the __11__ day of _March_ 20_10_

Michael A. Finnigan
Notary Public, Monroe County
My Commission Expires Sept 20, 2013

ARY PUBLIC

Worlklis Luna Aponte
044-133-120
Buffalo Federal Detention Facility
4250 Federal Drive
Batavia, New York 14020

23

# EXHIBIT
# "A"

UNITED STATES DEPARTMENT OF JUSTICE
EXECUTIVE OFFICE FOR IMMIGRATION REVIEW
BOARD OF IMMIGRATION APPEALS
FALLS CHURCH, VIRGINIA
---------------------------------------------------------X

In the Matter of                                        **IN REMOVAL**
\
                                                        **PROCEEDINGS**
              **WORKLIS LUNA APONTE**
              **A# 44-133-120**

                    Respondent.
---------------------------------------------------------X

                    **APPEAL BRIEF**

              **PRELIMINARY STATEMENT**

Respondent, Worklis Luna-Aponte, appeals the Order of the Immigration Judge,

dated May 3, 2007. The basis of Respondent's appeal is the Immigration Judge's abuse

of discretion in denying a continuance pending Respondent's Motion to Vacate in the

New York County Supreme Court of Indictment No. 5816-06.

Respondent was admitted to the United States as a lawful permanent resident on

July 17, 1993. On September 20, 2006, he was convicted in the Supreme Court, County

of Kings, under indictment number 5816-06 for the offense of criminal sale of a

controlled substance in the fifth degree, to wit cocaine, in violation of Section 220.31 of

the New York State Penal Law. This is Respondent' first and only conviction.

Respondent was placed in removal proceedings as a result of his 2006 conviction.

During his removal proceedings, Respondent stated to the Court that he was attempting to

vacate his conviction. Respondent asked the Immigration Judge to continue and/or

terminate his removal proceedings pending the outcome of his Motion to Vacate

Conviction.

1

## ARGUMENT

**I.     Respondent's Removal Proceedings Should Be Terminated Pending Decision on His Motion to Vacate Judgment Before the New York County Supreme Court.**

It is important that Mr. Luna is available to testify at a hearing once scheduled regarding his Motion to Vacate his Criminal Conviction and appeal. The likelihood that Mr. Luna's criminal matter will be vacated is higher if Mr. Luna is present in the State of New York.

**II.     The BIA Should Not Allow The Immigration Judge to Enter a Final Order of Removal While Mr. Luna has a Pending Litigation in the New York County Supreme Court.**

Mr. Luna has a very strong case for vacating his conviction. Mr. Luna's prior criminal defense attorney told Mr. Luna that he would not be subject to deportation if he pleaded guilty on the day of his plea. Due to the ineffective nature of the assistance given by Mr. Luna's prior defense counsel, Mr. Luna has standing to vacate his criminal court plea.

Mr. Luna's plea to criminal sale of a controlled substance is what landed Mr. Luna's into removal proceedings.

Both the New York State Court of Appeals and the United States Court of Appeals for the Second Circuit offer support for granting the relief sought by Mr. Luna. See People v. McDonald, 1 NY.3d 109 (2003) and United States v. Couto, 311 F.3d 179 (2d. Cir. 2002).

2

Based on the aforementioned facts and case law, the proper remedy is for the BIA to reverse, vacate, or remand to the Immigration Court for further proceedings.

## CONCLUSION

Based on the facts and case law stated above, it is respectfully requested that Mr. Luna's appeal be granted and that his case be remanded to the Immigration Court so that Mr. Luna may complete his pending criminal litigation and file for proper relief before the Immigration Court.

Dated: July 3, 2007
       New York, New York

                              Respectfully submitted,


                              _____
                              ISMAEL GONZALEZ, ESQ.
                              ISMAEL GONZALEZ &
                              ASSOCIATES
                              53 West 36th Street, Suite 605
                              New York, NY 10018

3

000008

# EXHIBIT "B"

UNITED STATES DEPARTMENT OF JUSTICE
EXECUTIVE OFFICE FOR IMMIGRATION REVIEW

Board of Immigration Appeals –
Falls Church, VA

A44-133-120
June 29, 2007

In Re: Worlklis LUNA APONTE

**Alien's Appeal from IJ
Decision, Currently Before
the Board of Immigration
Appeals**

ON BEHALF OF ALIEN:          Ismael Gonzalez, Esq.
                             53 West 36th Street - Suite 605
                             New York, NY 10018

ON BEHALF OF DHS:            Matthew J. O'Brien, Esq.
                             Assistant Chief Counsel
                             Department of Homeland Security
                             P.O. Box 606, Castle Pt. VA Complex
                             Castle Point, NY 12511

## GOVERNMENT'S MEMORANDUM IN RESPONSE TO ALIEN'S APPEAL

The Government believes that the decision entered by the Immigration Judge (IJ) at the conclusion of this matter fully and fairly resolves all pertinent legal and factual issues properly before the Immigration Court.

The Government respectfully submits that the alien's appeal raises no legal or factual issues, which were incorrectly or improperly decided by the IJ. Therefore, there is nothing contained in the IJ's decision, which would require a reversal or modification of said decision.

As such, the Government adopts the IJ's decision as its position on appeal, and declines to file an appellate brief in this matter.

Based on the contents of the record already existing in this matter, the Government asks the Board of Immigration Appeals to dismiss the alien's appeal and deny any and all applications for appellate relief that he/she may have heretofore submitted.

1 of 2

Respectfully submitted,

Matthew J. O'Brien,
Assistant Chief Counsel
U.S. Imm. & Customs Enforcement

## CERTIFICATE OF SERVICE

I, Matthew J. O'Brien, Assistant Chief Counsel, Department of Homeland Security – U.S. Immigration and Customs Enforcement, do hereby certify that on the date noted below, I caused a copy of the attached brief to be served, by U.S. Mail, upon the Alien and/or his attorney-of-record at the following address(es):

Ismael Gonzalez, Esq.
53 West 36th Street - Suite 605
New York, NY 10018

A#: 44-133-120

Date: June 29, 2007

Matthew J. O'Brien, Esq.

RECEIVED
DEPARTMENT OF JUSTICE
EXECUTIVE OFFICE FOR
IMMIGRATION REVIEW
2007 JUL -2 A 11: 22
IMMIGRATION BOARD OF
OFFICE OF THE CLERK
IMMIGRATION APPEALS

000012

# EXHIBIT "C"

 U.S. Department of Justice

Executive Office for Immigration Review

*Board of Immigration Appeals*
*Office of the Clerk*

—

*5107 Leesburg Pike, Suite 2000*
*Falls Church, Virginia 22041*

Gonzalez, Ismael, Esq.
53 West 36th Street Suite 605
New York, NY 10018-0000

USICE/DHS Litigation/ULS
P.O. Box 606
Castle Point, NY 12511

Name: LUNA APONTE, WORLKLIS                    A44-133-120

Date of this notice: 7/20/2007

Enclosed is a copy of the Board's decision and order in the above-referenced case.

Sincerely,

Donna Carr

Donna Carr
Chief Clerk

Enclosure

Panel Members:
    MILLER, NEIL P.

# EXHIBIT "D"



Office of Detention and Removal Operations
Buffalo Field Office

U.S. Department of Homeland Security
130 Delaware Avenue
Buffalo, NY 14202

**U.S. Immigration
and Customs
Enforcement**

Worlkis LUNA-Aponte
C/O Buffalo Federal Detention Facility
A44 133 120
4250 Federal Drive
Batavia, NY 14020

### Decision to Continue Detention

This letter is to inform you that your custody status has been reviewed and it has been determined that you will not be released from the custody of U.S. Immigration and Customs Enforcement (ICE) at this time. This decision has been made based on a review of your file and/or your personal interview and consideration of any information you submitted to ICE's reviewing officials.

The record shows that you are a native and citizen of the Dominican Republic who entered the United States on July 17, 1993 as a lawful permanent resident, at New York, NY. You were convicted in August 2006 for criminal sale of a controlled substance-5[th] and sentenced to 18 months incarceration. You were convicted in April 2001 for robbery-3[rd] and sentenced to probation. You were then re-sentenced in July 2005 to 6 months incarceration after violating the conditions of your probation. You were served a Notice to Appear on November 28, 2006 and placed into removal proceedings. You were ordered removed by the Immigration Judge on May 3, 2007. You appealed the IJ's decision, and on July 20, 2007 the BIA dismissed your appeal and affirmed the IJ's removal order. You subsequently filed a petition for review of the BIA's decision and a motion for a stay of removal with the 2nd Circuit Court of Appeals. Your stay of removal is still in effect.

The nature of your crimes demonstrates a pattern of disregard for the laws of the United States. You have also shown an inability to conform to the rules of society, exemplified by your violation of the conditions of your probation, making you a flight risk. In addition, your promotion of illegal drugs on the streets in the community poses a significant threat to community members and their children.

Therefore, for the above stated reasons it is the decision of ICE that you should remain in custody at this time pending the outcome of your federal litigation. Immigration and Customs Enforcement will conduct another review of your case in accordance with current regulations. It is in your best interest to maintain proper behavior while awaiting this review.

_____          10/9/09
Signature of Field Office Director, DRO/Designated Representative          Date

Print Name, Title and Location: S Gallagher, DROD, BUF